UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD WARWEG, individually,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD LAWSON, et. al.,<br><br>Defendants.<br>JAMES RIVER INSURANCE COMPANY,<br><br>Intervenor. | Case No. 2:21-cv-00270-RFB-DJA<br><br>**ORDER** |

    Before this Court for consideration is Plaintiff Todd Warweg's Motion to Remand to State Court. ECF No. 10. Plaintiff argues that there is no diversity jurisdiction in this case because both Plaintiff and Defendant Lawson are citizens of the state of Nevada. Intervenor James River Insurance Company argues that complete diversity exists because Defendant Lawson is a fraudulent defendant whose citizenship should be disregarded for the purpose of determining whether the suit is diverse. For the reasons stated below, the Court finds that Defendant Lawson was fraudulently joined. Because of this, the Court denies Plaintiff's motion to remand.

    The Court "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is "any doubt as to the right of removal in the first instance." Id. (internal quotes and citations omitted). Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . .citizens of different States." 28 U.S.C. § 1332(a)(1). When diversity jurisdiction exists under 28 U.S.C. § 1332 but the matter was filed in a state court, the matter may be removed

under 28 U.S.C. § 1441(b). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

When evaluating diversity jurisdiction, the Court makes its determination based on the "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Additionally, "[i]n consideration of "[t]he 'strong presumption' against removal jurisdiction ... the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566.

Fraudulent joinder must be proven by "clear and convincing evidence." Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336 (9th Cir. 1987). There are two ways to establish fraudulent joinder: (1) by either actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. See GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). "If there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id.

Intervenor argues that the covenant not to execute releases the Defendant of liability as to all claims between Plaintiff and Defendant and Defendant only remains in the case in order to defeat diversity. Plaintiff argues that the covenant not to execute does not release the Defendant from liability and therefore he is not a fraudulent defendant. In order to resolve this dispute, the Court ordered that the covenant not to execute be submitted to the Court *in camera*, as it had not previously been a part of the record, nor had it been disclosed to Intervenor. See ECF No. 19.

The Court's review of the covenant not to execute reveals that it does release Defendant and his insurer of all liability. Paragraph 2 of the Covenant reads, "Covenantor[1] has resolved his

---

[1] The agreement identifies Plaintiff Todd Warweg as the Covenantor.

claim against Covenantees[2] for the total sum of [amount redacted by Court]. Covenantee USAA INSURANCE COMPANY hereby agrees pursuant to NRS 17.245 Effect of release or covenant not to sue to the aforesaid resolution between Covenantor and Covenantees." Section 7 of the agreement reads:

> The Covenant Not to Execute is given in good faith and pursuant to the provisions of Nevada's Uniform Contribution of Among Tortfeasors Act and specifically pursuant to Nevada Revised Statute 17.245, and Nevada's Uniform Joint Obligation Act 101.010, et. seq. and is not intended to release any other person, firm, corporation or joint tortfeasor other than the Covenantees as set forth herein. This Covenant Not to Execute is intended to favor Covenantees and Covenantees only and shall effectively release and discharge Covenantees, and said Covenantees only, of all actions, claims or demands whatsoever, now existing or hereinafter accruing, by reason of the incident described above.

The statutory provision referred to in this Covenant is Nev. Rev. Stat. § 17.245, which reads:

> NRS 17.245 Effect of release or covenant not to sue: (1) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death: (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor. (2) As used in this section, "equitable indemnity" means a right of indemnity that is created by the court rather than expressly provided for in a written agreement.

Because a covenant such as this one is a contract under Nevada law, its construction and enforcement are governed by the principles of contract law. May v. Anderson, 119 P.3d 1254 (Nev. 2005). For an enforceable contract, basic contract principles require an offer and acceptance, meeting of the minds, and consideration. Id. Under Nevada law, the objective of interpreting contracts is to discern the intent of the contracting parties. Am. First Fed. Credit Union v. Soro, 359 P.3d 105, 106 (Nev. 2015). Traditional rules of contract interpretation are employed to accomplish that result. When the language of the contract is clear and unambiguous, the contract will be enforced as written. Id.

///

---

[2] The agreement identifies Richard Lawson and USAA as the Covenantees.

The covenant unambiguously indicates that it is executed "pursuant to NRS 17.245." Nev. Rev. Stat. § 17.245 clearly indicates that the effect of a contract executed pursuant to this statute is to "discharge[] the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor." Further, the Nevada Supreme Court has found such releases, executed under Nev. Rev. Stat. § 17.245, to discharge defendant's liability in full. See, e.g., Russ v. GMC, 906 P.2d 718 (Nev. 1995), Zehner v. Truck Ins. Exch., 659 P.2d 879 (Nev. 1983). In case there is any question of continuing liability by Defendants in this suit, Section 7 makes plain that "This Covenant Not to Execute is intended to favor Covenantees and Covenantees only and shall effectively release and discharge Covenantees, and said Covenantees only, of *all actions, claims or demands* whatsoever, *now existing or hereinafter accruing*, by reason of the incident described above." (italics added).

Accordingly, it is clear, both by reference to Nev. Rev. Stat. § 17.245 and case law therein *and* by the plain text of the covenant not to execute that the parties intended to fully discharge Defendant Lawson and USAA, his insurance company, of all liability for this incident. Because no further relief or claims may be pursued against Defendant Lawson, there is no ongoing cause of action against the non-diverse party in the suit. See GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018). Because the Covenant Not to Execute disclaims all present and future liability for the Defendant and his insurer, there is no possibility that a state court would find any valid, current cause of action exists against the resident defendant. See Id. Defendant Lawson is fraudulently joined in this suit. As a result, remand is denied as improper.

The Court also finds that the case was timely removed. Defendant did not discover that a party may have been fraudulently joined until February 11, 2021. Defendant did not have a good

- 4 -

faith basis for removal before learning of the confidential agreement. Defendant removed the case within thirty days of discovering this information. The removal was therefore timely.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Richard Lawson is hereby dismissed from this action.

**IT IS FURTHER ORDERED** that the Covenant Not to Execute, provided to the court *in camera* pursuant to ECF No. 19, shall be filed on the docket under seal. Defendants may seek leave to unseal the document.

**DATED**: March 27, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**